# EXHIBIT 1



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**August 24, 2020 15:51**

By: MICHAEL P. HARVEY 0039369

Confirmation Nbr. 2057249

DEENA BUGARA                                     CV 20 936359

vs.

                                                 **Judge:**  MAUREEN CLANCY
CHS EMPLOYMENT SERVICES, LLC, ET AL.

**Pages Filed:**  12

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **DEENA BUGARA**<br>1640 Cedarwood Drive, Apt. 331<br>Westlake, OH  44145-1824 | )<br>)<br>)<br>) | **CASE NO.:** |
| **Plaintiff,** | )<br>)<br>) | **JUDGE** |
| -vs- | )<br>) | |
| **CHS EMPLOYMENT SERVICES, LLC**<br>**CONTINUING HEALTHCARE**<br>**SOLUTIONS**<br>7251 Engle Drive, Suite 350<br>Middleburgh Hts., OH  44130 | )<br>)<br>)<br>)<br>)<br>) | **(JURY DEMAND ENDORSED<br>HEREON)** |
| AND | )<br>) | |
| **AARYN CROSBY**<br>Chief Financial OFficer<br>CHS Therapy, DATH Rehab and<br>Remedy Therapy<br>7251 Engle Drive, Suite 350<br>Middleburgh Hts., OH  44130 | )<br>)<br>)<br>)<br>)<br>) | |
| AND | )<br>) | |
| **DANIEL COBB**<br>Director of Human Resources<br>CHS-Therapy<br>7251 Engle Drive, Suite 350<br>Middleburgh Hts., OH  44130 | )<br>)<br>)<br>)<br>)<br>) | |
| **Defendants.** | ) | |

---

## COMPLAINT

---

The Plaintiff, Ms. Deena Bugara ("Plaintiff"), by and through counsel, for her Complaint

against the Defendants, states as follows:

## INTRODUCTION

1. The Plaintiff brings this lawsuit as a result of the Defendants' violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201-219 *et seq*. and the Ohio Minimum Wage Standards Act, Ohio Revised Code §4111.01 *et seq*. by virtue of Defendants' practices, policies and procedures, and failing to pay non-exempt employees overtime and straight pay compensation for hours worked in excess of 40 hours per work week.

2. The Plaintiff also brings this action under Ohio Revised Code §4113.15 to remedy Defendants' deliberate failure to pay all wages due on scheduled pay days.

3. The Plaintiff also brings this action to address payroll and pay retaliation under State and Federal law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's State and Federal claims.

5. The Defendants hired the Plaintiff to work in the County of Cuyahoga. Therefore, the exercise of personal jurisdiction or subject matter jurisdiction comports with due process.

6. Additionally, the Plaintiff was paid unlawfully by the Defendants pursuant to work performed in Cuyahoga County, Ohio where the Plaintiff also lives.

7. The causes of action herein arise from or relate to contact by the Defendants with Ohio residents and Ohio situations, thereby confirms specific jurisdiction over the Defendants in this Court.

8. At all times referenced herein, CHS Employment Services, LLC ("CHS") formed a single enterprise within the meaning of the FLSA and formed a single enterprise engaged in commerce within the meaning of FLSA §203 *et seq*. and that said enterprise herein after mentioned had employees engaged in commerce or in the production of goods for commerce or employee's handling, selling or otherwise working on goods and/or materials that have been moved in or

produced for commerce by any person in that enterprise which had gross volume of sales of not less than $500,000.00.

9.      At all times material to the Complaint, Deena Bugara participated in the action movement of things in interstate commerce by regular using instrumentalities of interstate commerce in her work, namely by processing payrolls affiliated through banks located both within and outside the borders of Ohio.

10.     At all material times, the Defendants were employers active within the meaning of the FLSA and the Ohio Minimum Fair Wages Standard Act ("OMFWSA").

## PARTIES

11.     Defendant, CHS Employment Services, LLC, is a limited liability company organized under the laws of the State of Ohio.

12.     Defendants Aaryn Crosby, Chief Financial Officer CHS Therapy, DATH Rehab and Remedy Therapy and Daniel Cobb Director of Human Resources, CHS-Therapy are at the offices to which Ms. Bugara was hired and worked and responded throughout her months of employment at the company.

13.     At all times relevant herein, the Defendants' maintained an office in Middleburgh Heights, Cuyahoga County, Ohio.

14.     At all relevant times herein, the individual Defendants maintained and exercised operational control over Defendant CHS Employment Services, LLC, including, not limited to exercised control and discretion regarding employment decisions, establishing rates of compensation for individual employees, establishing payroll practices and procedures, deciding who was exempt and nonexempt and other related policies and procedures.

15.     The individual Defendants exercised control over Defendant CHS Employment Services, LLC including directing the specific individuals to be placed on the company's payroll,

controlling the expenditure of company funds to cover payrolls, managing payroll practices and procedures involving overtime and regular straight pay determinations.

16.     The individual Defendants also determined whether or not employees would be receiving overtime wages as required by both Federal and State Law.

17.     The individual Defendants exercised control over Defendant CHS Employment Services, LLC including the expenditure of company funds to pay for business activities.

18.     At all relevant times hereunder, the all Defendants were employers within the meaning of both 29 U.S.C. §203 *et seq.* and Ohio Revised Code §4111.01 *et seq.*

19.     Upon information and belief, the individual Defendants are residents of the State of Ohio.

20.     At all relevant times herein, the Defendants were an enterprise within the meaning of both State and Federal law.

21.     At all relevant times here, the Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of both State and Federal law.

## **COUNT I**

22.     CHS Employment Services, LLC provides payroll services for various companies.

23.     The Plaintiff, Deena Bugara, was hired by the Defendants in 2020.

24.     Ms. Bugara's primary duties as directed by the Defendants were to manage the payroll process and payroll tax setup.

25.     She was an at will employee and treated as an at will employee.

26.     Ms. Bugara was not required to use managerial skills to realize any profit or loss.

27.     Ms. Bugara was economically dependent upon CHS Employment Services, LLC and did not invest her own money, equipment or supplies into the business.

28.    Ms. Bugara's job duties did not require any specialized skills or particular education or licensing.

29.    At all times material to this Complaint, the Defendants' controlled Ms. Bugara's employment completely.

30.    Ms. Bugara was not conducting her own business while in the employ of the Defendants.

31.    At all times referenced herein, the Defendants paid Ms. Bugara a "salary."

32.    Soon after working at the position, Ms. Bugara realized based, on her background, that the position was not an administrative exempt position despite being called payroll manager.

33.    Ms. Bugara brought this to the attention of the individual Defendants who ignored her at first, then retaliated.

34.    She was routinely and regularly required to work as many as 20 to 25 overtime hours per week under the exemption.

35.    She was neither paid regular time for the hours over 40 or overtime for the hours worked over 40, in violation of both State and Federal law.

36.    The above payroll practices and discrepancies resulted in both straight time and overtime wage violations of both 29 U.S.C. §§ 201-219 *et seq*. and Ohio Revised Code Chapter 4111 *et seq*.

37.    Despite Ms. Bugara's frequent complaints about this failure to pay straight and overtime wages, the Defendants refused to remedy these repeated and willful violations.

38.    Defendants' violation of State and Federal law were willful and reckless.

39.    As the direct and proximate result of the Plaintiff's concerns raised to management about these issues, she was fired and despite the company challenging her unemployment benefits, the Ohio Department of Job and Family Services found that Ms. Bugara was discharged without

just cause "the facts did not support the claimant was discharged by CHS on 7/16/20 for not being able to perform the required work."

## COUNT II – FLSA OVERTIME VIOLATIONS

40.  The Plaintiff incorporates each and every allegation in Paragraphs 1 – 38 of the Complaint as if fully rewritten herein.

41.  The FLSA requires that nonexempt employees receive overtimes compensation of not less than one and one-half times the employee's regular rate.

42.  The Plaintiff should have been paid overtime wages in the amount of 150% of the normal basic rate for all hours worked in excess of 40 hours per work week.  *See*, 29 U.S.C. §207(a)(1).

43.  The Defendants have engaged in a series of unlawful acts, practices, policies and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay the Plaintiff's overtime wages as required by Federal law.

44.  The above described willful and systematic violation of the FLSA complained of by Ms. Bugara was ignored.

45.  The Defendants' unlawful conduct directly and proximately caused the Plaintiff damages in an amount to be determined at trial.

46.  The Defendants' willful violations and reckless disregard to the Federal and State rights entitle the Plaintiff to liquidated and/or putative damages in an amount to be determined.

## COUNT III – OHIO OVERTIME VIOLATIONS

47.  The Plaintiff incorporates each and every allegation in Paragraphs 1 – 45 of the Complaint as if fully rewritten herein.

48.  The Defendants are employers covered by the overtime requirements set forth in Ohio Revised Code §4111.01 *et seq*.

49. As an employee for the Defendants, Ms. Bugara worked in excess of the maximum weekly hours permitted under Ohio Revised Code §4111.03, but was not paid regular or overtimes wages in the amount of one and one-half times per her hourly rate for any of the time she spent working for the Defendants, as required by Ohio Revised Code §4111.03.

50. Throughout Plaintiff's employment the Defendants knew that they were required to pay the Plaintiff for all hours worked because at a minimum, the Plaintiff complained about it.

51. The Defendants also knew or should have known that they were required to pay overtime wages at a rate of one and one-half times the Plaintiff's hourly rate of pay, but despite that knowledge, the Defendants willfully withheld and willfully failed to pay the wages and overtime compensation to which the Plaintiff should have been entitled to receive.

52. Pursuant to the OMFWSA, the Plaintiff is entitled to unpaid overtime wages dating back to the beginning of her employment.

53. The exact amount of her compensation, including overtime, which Defendants have failed to pay the Plaintiff is unknown at this time, as the records necessary to make such precise calculations have been requested from the Defendants, but are in their possession at the current time.

54. The OMFWSA requires employers to make, keep and preserve records of the wages, hours and other conditions and practices of employment and to preserve such records. The Plaintiffs are entitled to review their records of hours worked to determine the exact amount of overtime owed by the Defendants to the Plaintiff. Absent Defendants' properly keeping these records as required by law, the Plaintiff would be entitled to submit her own information on the recollection of the hours worked.

55. Pursuant to the OMFWSA, the Plaintiff is entitled to relief sought including unpaid wages, overtime, attorneys' fees, costs and expenses incurred.

## COUNT IV – OHIO BREACH OF CONTRACT CLAIM

56. The Plaintiff incorporates each and every allegation in Paragraphs 1 – 54 of the Complaint as if fully rewritten herein.

57. When Ms. Bugara was hired, she was hired as a payroll manager with the Defendants claiming that she was exempt from overtime.

58. It soon became clear to Ms. Bugara, who has a tremendous amount of payroll background, that the position was not an exempt position and she complained about it.

59. Notwithstanding those complaints, which were ignored, the Plaintiff was not paid in accordance with State and Federal requirements, including the payment of proper minimum wages and overtimes wages that were required.

60. The Plaintiff worked for the Defendants on the basis that she would be paid for all hours worked and paid in accordance with the requirements of State and Federal law, including but no limited to the payment of overtime wages, minimum wages and prompt pay of all wages.

61. The Defendants' accepted the benefits of Plaintiff's work but did not pay the Plaintiff the compensation she was entitled to.

62. Defendants' knowingly and improperly failed to pay Deena Bugara all wages due within the time specified under Ohio law.

63. The Defendants' knowingly and improperly failed to pay the Plaintiff despite complaints about the situation that Ms. Bugara found were improper.

64. The Defendants' failure to pay the Plaintiff all wages due when they were due constitute a violation of Ohio Revised Code §4111.15 in an amount to be determined at trial.

65. Moreover, 29 U.S.C. §216(b) entitles an employee to recover all unpaid wages, an equivalent amount of liquidated damages as well as reasonable attorneys' fees and costs.

66. At all times relevant to this action, the Defendants' willfully failed and refused to pay Bugara the Federal minimum wages required by the FLSA on all hours over 40, causing Ms. Bugara to suffer damages in an amount to be proven at trial.

67. The Defendants either recklessly failed to investigate whether their failure to pay Ms. Bugara at least the minimum wages for all hours she worked over the 40 hours violated both State and Federal law, but they also intentionally misled Ms. Bugara to believe that the Defendants' were not required to pay her for any hours over 40 and in fact the Defendants apparently concocted a scheme to deprive Ms. Bugara of both minimum and overtime wages by misclassifying the position as exempt when it was not exempt.

68. The Defendants' conduct as alleged herein constitutes a willful violation of both State and Federal law.

69. Moreover, the Defendants' violated the FLSA and State law without good faith belief that their conduct was lawful.

70. Ms. Bugara requests recover of attorneys' fees, costs and expenses as well as any and all other relief she may be entitled pursuant to State and Federal law.

## COUNT V – WAGE HOUR RETALIATION

71. The Plaintiff incorporates each and every allegation in Paragraphs 1 – 74 of the Complaint as if fully rewritten herein.

72. Section 15(a)(3) of the FLSA states that it is a violation for any person to discharge or in any other manner discriminate against any employee because such employees filed any complaints or instituted or caused to be instituted any proceedings under or related to the FLSA, or has testified or is about the testify in such proceedings….

73. Employees are protected regardless of whether a complaint is made orally or in writing.

74. Ms. Bugara asserts to this Court that she was discharged in violation of both State and Federal law as a result of complaining about her position being exempt when it was not or should not have been exempt.

75. As determined by Ohio Job and Family Services, she was not discharged with cause and in fact, the Ohio Department of Job and Family Services stated "the facts provided did not support the claimant was discharged by CHS Employment Services, LLC on 07/16/2020 for not being able to perform the required work."

76. This is because Ms. Bugara has a tremendous amount of experience in payroll and employment practices.

77. She took the assertion of being an exempt position at face value when she was hired, but it soon became clear she was not exempt.

78. The requirements of her position did not meet the short or long test for exemption under wage and hour laws.

79. But, her efforts to remedy the situation, to correct the situation to comply with law was met with discharge as a subterfuge for getting rid of her.

80. As a result of the retaliatory conduct by the Defendants, the Plaintiff is entitled to damages in an amount to be determined at trial.

## COUNT VI – UNJUST ENRICHMENT/QUANTUM MERUIT

81. The Plaintiff incorporates each and every allegation in Paragraphs 1 – 84 of the Complaint as if fully rewritten herein.

82. The Plaintiff Deena Bugara provided benefits to the Defendants for which she was paid a salary for the first 40 of her hours.

83. She was not paid for the 20 or more hours per week that she was expected to work as a salary exempt employee of CHS Employment Services, LLC.

84. She received no minimum wage, no overtime and nothing else for the time that she spent.

85. The Plaintiff states that the Defendants have been unjustly enriched and that they have refused and failed to make payment to Ms. Bugara for all the compensable hours of work that she provided to them for which the Defendants' benefited.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Deena Bugara, requests judgment against all Defendants jointly and severally as follows:

(a)   Awarding the Plaintiff unpaid minimum wages;

(b)  Providing the Plaintiff overtime wages _and_ an additional amount of liquidated damages pursuant to 29 U.S.C. §216(b);

(c)  Award other damages including actual, general, special, incidental, statutory, putative, treble, liquidated and consequential to the Plaintiff in an amount to be determined at trial.

(d)  Issue a declaratory judgment that the practices complained of herein were and are unlawful under the FLSA;

(e)  Issue an injunction prohibiting the Defendants from continuing unlawful practices, policies and procedures as set forth here;

(f)  Awarding prejudgment and post judgment interest as provided by law;

(g)  Awarding reasonable attorneys' fees, costs and expenses;

(h)  Awarding compensatory, economic and/or liquidated damages against all Defendants jointly and severally.

(i)  Awarding such other and further relief this Court deems appropriate.

Respectfully submitted,

MICHAEL P. HARVEY CO., L.P.A.

/s/Michael P. Harvey
Michael P. Harvey, Esq. (#0039369)
311 Northcliff Drive
Rocky River, Ohio 44116
Office: (440) 356-9108
Cell:   (440) 570-2812
Email: MPHarveyCo@aol.com

*Attorney for Plaintiff, Deena Bugara*

## JURY DEMAND

The Plaintiff respectfully gives notice to all parties and counsel of record that he requests a jury on all claims and issues so triable by jury with the maximum number of jurors allowed under Ohio law.

/s/ Michael P. Harvey
Michael P. Harvey, Es

*Attorney for Plaintiff, Deena Bugara*

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV20936359 | D1 CM | 42397093 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

DEENA BUGARA **PLAINTIFF**
**VS**
CHS EMPLOYMENT SERVICES, LLC, ET AL.  **DEFENDANT**

# SUMMONS

CHS EMPLOYMENT SERVICES, LLC
CONTINUING HEALTHCARE SOLUTIONS
7251 ENGLE DRIVE, SUITE 350
MIDDLEBURGH HTS. OH 44130

You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.

You are hereby summoned and required to answer
the complaint within 28 days after service of this
summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Plaintiff's Attorney

MICHAEL P HARVEY
311 NORTHCLIFF DRIVE

ROCKY RIVER, OH 44116-0000

Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

**Case has been assigned to Judge:**

MAUREEN CLANCY
**Do not contact judge. Judge's name is given for
attorney's reference only.**



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| DATE SENT |
|---|
| Aug 24, 2020 |

By _____
Deputy

COMPLAINT FILED   08/24/2020

**SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV20936359 | D2 CM | 42397094 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

|  |  |
|---|---|
| DEENA BUGARA | **PLAINTIFF** |
| **VS** | |
| CHS EMPLOYMENT SERVICES, LLC, ET AL. | **DEFENDANT** |

**SUMMONS**

AARYN CROSBY
CHIEF FINANCIAL OFFICER CHS THERAPY
DATH REHAB AND REMEDY THERAPY
7251 ENGLE DRIVE, SUITE 350
MIDDLEBURGH HTS. OH 44130

**You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.**

**You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.**

**Said answer is required to be served on:**



**Plaintiff's Attorney**

MICHAEL P HARVEY
311 NORTHCLIFF DRIVE

ROCKY RIVER, OH 44116-0000

**Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)**

**Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.**

**If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.**

**Case has been assigned to Judge:**

MAUREEN CLANCY
**Do not contact judge. Judge's name is given for attorney's reference only.**

**NAILAH K. BYRD**
**Clerk of the Court of Common Pleas**

| DATE SENT |
|---|
| Aug 24, 2020 |

By_____
**Deputy**

COMPLAINT FILED    08/24/2020



CMSN130

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV20936359 | D3 CM | 42397095 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

| | | |
|---|---|---|
| DEENA BUGARA | | **PLAINTIFF** |
| **VS** | | |
| CHS EMPLOYMENT SERVICES, LLC, ET AL. | | **DEFENDANT** |

# SUMMONS

DANIEL COBB
DIRECTOR OF HUMAN RESOURCES
CHS-THERAPY
7251 ENGLE DRIVE, SUITE 350
MIDDLEBURGH HTS. OH 44130

You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.

You are hereby summoned and required to answer
the complaint within 28 days after service of this
summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

MICHAEL P HARVEY
311 NORTHCLIFF DRIVE

ROCKY RIVER, OH 44116-0000

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

**Case has been assigned to Judge:**

MAUREEN CLANCY
**Do not contact judge. Judge's name is given for
attorney's reference only.**

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas





| DATE SENT |
|---|
| Aug 24, 2020 |

By_____
**Deputy**

COMPLAINT FILED    08/24/2020



CMSN130

**UNITED STATES**
**POSTAL SERVICE**™

Date Produced: 09/07/2020

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3540 6119 12. Our records indicate that this item was delivered on 09/02/2020 at 12:46 p.m. in CLEVELAND, OH 44130. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

UNITED STATES
POSTAL SERVICE™

Date Produced: 09/07/2020

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3540 6119 36. Our records indicate that this item was delivered on 09/02/2020 at 12:46 p.m. in CLEVELAND, OH 44130. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:  Case  CV20936359
Sent To:  7251 ENGLE DRIVE, SUITE 350  MIDDLEBURGH HTS., OH 44130

Date Produced: 09/07/2020

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3540 6119 50. Our records indicate that this item was delivered on 09/02/2020 at 12:46 p.m. in CLEVELAND, OH 44130. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.